Expósito *v.* Robert.

Appeal from a Decision of the District Court of Mayagüez.

No. 57.—Decided June 1, 1906.

Appeal—Evidence—Documents Attached to the Complaint.—If the authenticity or a document transcribed in, or a copy thereof attached to, the complaint is not denied under oath by the adverse party, the court will consider it genuine in accordance with the provisions of section 119 of the Civil Code.

Id.—The terms ''in favor of'' and ''to the order of'' are two entirely different things in law.

Id.—The instruments or contracts executed or covenanted by a person who, according to the registry, has a right thereto, shall not be invalidated with regard to third persons, after they have once been recorded, although later the right of the person executing them is annulled or determined by virtue of a prior deed not recorded, or for reasons not clearly appearing from the record.

Id.—Bill of Exceptions—Statement of Facts.—No facts alleged to have been submitted to the trial court will be considered by the Supreme Court unless presented on appeal in the form of a bill of exceptions or statement of facts.

The facts are stated in the opinion.

*Mr. Díaz Navarro* for appellant.

*Messrs. Acuña and Méndez* for respondent.

Mr. Chief Justice Quiñones delivered the opinion of the court.

On May 23, 1904, Antonio Expósito, through his attorney, Alfredo Arnaldo, filed the complaint which is the beginning of this litigation, in the District Court of Mayagüez, against Adolfo Robert y Striker, alleging the following facts as the grounds thereof:

''First. Domingo Rivera y Valentin signed to the order of Schulze & Co., engaged in business in this city, two obligations transferable by endorsement, for 2,500 *pesos* each, provincial money, the first payable at any time in the month of November, 1897, and the second at any time in the month of January, 1898; and as security for said obligations and of 1,000 *pesos* more for the recovery of costs and expenses which the collection thereof might occasion, he constituted a mortgage by deed executed before Mariano Riera Palmer, a notary of said city, on December 28, 1896, upon two rural estates belonging to

him situated in the *barrio* of La Purísima Concepción, in the municipal district of Las Marías. Of this deed he attaches a copy to this complaint, bearing No. 1, recorded at folios 242 and 238, reverse side, of volume 9, of the *Ayuntamiento* of Las Marías, estates Nos. 479 and 478, second records.

"Second. Schulze & Co. endorsed to Laurnaga & Co. the obligations transferable by endorsement, for the security of which the mortgage described in the first allegation of fact above had been constituted, and the latter subsequently. endorsed them to the plaintiff, Antonio Expósito, the present holder thereof, attaching them to this complaint, under Nos. 2 and 3.

"Third. Adolfo Robert y Striker instituted execution proceedings against Schulze & Co., in liquidation, in the district court of this city, and in said proceedings, by order of October 22, 1903, the mortgage constituted to secure the obligations transferable by endorsement described in the first allegation of fact of the complaint, was awarded to him; such award being recorded at folios 43 and 243 of volumes 15 and 9 of the municipality of Las Marías, estates Nos. 478 and 479, fourth records.

"Fourth. The award mentioned in the third statement of fact having been made, Adolfo Robert y Striker instituted summary proceedings against Domingo Rivera y Valentín to enforce the collection of the mortgage awarded to him by order of October 22, 1903, and the public sale of the property mortgaged is to take place on June 6th of the current year.

"Fifth. Therefore, Adolfo Robert y Striker is foreclosing a mortgage constituted to secure the obligations transferable by endorsement without being the holder of such obligations, and therefore not a creditor, the plaintiff holding said two obligations endorsed to his order, for the security of which the mortgage described in the first statement of fact was constituted.

"Sixth. But if Mr. Robert succeeded in having the court issue the writ of execution which he seeks against Domingo Rivera, it has not been by reason of right, but through surprise or error, based on the inconceivable record of the order of October 22, 1903, by virtue of which a record has been made of a mortgage constituted as security for two obligations transferable by endorsement, without the obligations for the security of which it was constituted being transferred.

"Starting out from this error in classification, the execution proceedings were instituted, and navigating upon the same waters as the record, the facts are falsified in the same manner as they were falsified in the record; and not a word, not a single word, is said to reveal the

fact that the mortgage was constituted to secure two obligations to order, transferable by endorsement, and that said obligations have not been transferred to Robert. This silence is clever, but of little or no use to its author. Without it the writ of execution would not have issued, but upon it must necessarily be based the nullity of the execution.''

On these grounds he closed with the prayer to the court that in due time it declare the nullity of the order of award of October 22, 1903, described in the third allegation of fact of the complaint, of its record in the registry of property, and of the summary proceedings prosecuted by Adolfo Robert against Domingo Rivera y Valentín, for the foreclosure of the mortgage, referred to in the first allegation of fact, constituted to secure the payment of the obligations payable to order attached, bearing Nos. 2 and 3, and adjudge Adolfo Robert to pay the costs and to indemnify the loss and damage caused by the summary proceedings, annulment of which is sought.

The defendant, Adolfo Robert y Striker, represented by Attorney Juan J. Perea, answered the complaint, contesting it and praying for its dismissal with the costs against the plaintiff, reserving to the latter the actions he might have against Laurnaga & Co., and alleging in his turn as grounds for his denial the following facts:

''First. Domingo Rivera y Valentín, by deed executed in this city before Notary Mariano Riera, on December 28, 1896, acknowledged that he was indebted to Schulze & Co. in the sum of 5,000 provincial *pesos* which he agreed to repay at the rate of 2,500 *pesos* in the month of November, 1898, with interest agreed on at 12 per cent per annum, the last installment being subject to extension to November of said year, 1898. As security for the obligation contracted, the debtor constituted a voluntary mortgage upon two rural estates, both of them situated in the *barrio* of Purísima Concepción, in the municipal district of Las Marías, one of 24.625 *cuerdas*, and the other of 33.095 *cuerdas*. For the said sum the debtor executed two notes in favor of said Schulze & Co. All of these facts, as well as a full description of

the estates mortgaged, appear in detail in the said instrument executed in this city, a certified copy of which the plaintiff has submitted with his complaint.

"Second. Schulze & Co., in liquidation, and on their behalf, Federico Philippi, by deed executed in this city before Notary José de Diego, on August 24, 1901, acknowledged that they were indebted to Adolfo Robert in the sum of $2,000, American gold, which he bound himself to pay in four installments agreed upon, securing the obligation by a mortgage which he constituted in favor of Robert upon the property right constituted by Rivera Valentín in the deed of December 28, 1896, referred to in the preceding statement of fact of this answer, and upon an urban estate which was his exclusive property, as appears more fully in the said deed, a copy of which is attached.

"Third. By another deed executed in this city before Notary Riera Palmer, on June 9, 1902, Federico Philipi y Kestner, as the liquidator of Schulze & Co., assigned to the commercial firm of Laurnaga & Co. the said mortgage credit of 5,000 provincial *pesos* constituted by Rivera Valentín in favor of the assigning firm, but in this deed the following was provided: 'Fourth. Mr. Phillipi y Kestner, in the capacity in which he appears, declares that, not having at hand the mortgage notes to which this refers, binds himself to endorse them within the term of fifteen to twenty days from this date; and that there being a mortgage on the mortgage right assigned to Adolfo Robert, a resident of this city, for the sum of $1,000, Mr. Philippi agrees to raise this encumbrance within the period of one year from date.' This deed, which the plaintiff is very careful not to attach to his complaint, we attach hereto in order to establish the true facts, which have been distorted and concealed by the plaintiff.

"Fourth. Now then, after the maturity of the obligation contracted by Schulze & Co. in favor of Robert and secured by mortgage on the property right of the mortgage constituted by Rivera y Valentín in favor of said firm, Robert, with the most perfect right, instituted summary execution proceedings for the recovery of his submortgage against Schulze & Co., and not having obtained payment, and the proceedings having been continued through all their stages, Robert was finally awarded the mortgage credit which Schulze & Co. had made subject to the fulfillment of said obligation in the deed of August 24, 1891, this award having been made by order of October 22, 1903, which was recorded in the registry of property, Robert therefore becoming the owner of the said mortgage credit.

"Fifth. From all of this it appears that Laurnaga & Co., upon acquiring by deed of June 9, 1902, the same mortgage credit by assignment to them by Schulze & Co., knew perfectly well that said credit was subject to a second mortgage in favor of Mr. Robert, inasmuch as Philippi set forth this fact in the said deed in the manner shown. Consequently, he could not have been surprised by the fact that Robert sought to recover his mortgage credit through judicial channels. To avoid this, Laurnaga & Co. should have paid the credit of Robert, in view of the fact that they had acquired that constituted by Rivera Valentín subject to that charge.

"Sixth. Notwithstanding this, Laurnaga & Co., on January 5th of the current year—that is to say, some months after the mortgage credit constituted by Domingo Rivera had been awarded to Robert, and after it had been recorded in his name—endorsed to the plaintiff the notes executed by Rivera, which had been endorsed to them by Schulze & Co. upon assigning the mortgage credit, without having advised Expósito that said mortgage credit to which the promissory notes referred, was not only mortgaged to Robert, but had already been awarded to him in the summary proceedings which he had prosecuted for the recovery of his mortgage credit.

"Seventh. Laurnaga & Co. are therefore liable to Expósito on account of having conveyed to him, as unencumbered, a credit which they knew to be encumbered and which no longer even belonged to them; and against Laurnaga & Co. alone can the plaintiff Expósito exercise any actions he may have.

"Eighth. From all that has been stated, the validity of the award made by the court to Robert of the mortgage credit constituted by Domingo Rivera y Valentín in favor of Schulze & Co., may be perfectly deduced.

"Ninth. Robert having become the owner of the mortgage credit referred to, has instituted further proceedings for the recovery thereof against Domingo Rivera y Valentín."

The hearing having been had and the evidence heard, the District Court of Mayagüez rendered the following judgment on April 15, 1905:

"This cause was called for trial in its regular order on the 10th instant. The parties appeared through their counsel, Attorneys José de Diego and Alfredo Arnaldo, respectively, and announced that they were ready to proceed. The court, after hearing the allegations and

evidence of the parties, reserved judgment until to-day, April 15, 1905, and on this day holds that the law and the facts are against the plaintiff, and therefore, orders and decrees that the plaintiff is not entitled to recover from the defendant, and that the latter be relieved of any claim with respect to this complaint, with the costs against the plaintiff; and it is ordered that execution issue against the property of the latter for the satisfaction of this judgment.—Isidoro Soto Nussa, judge; Francisco Llavat, secretary.''

The plaintiff, Antonio Expósito, took an appeal from this judgment; and the proper transcript of the record having been transmitted to this court and the parties having filed their briefs, a day was set for the hearing, which was attended by counsel who made their respective arguments.

Having stated these facts, let us now enter upon a consideration of the questions at issue in this appeal.

These questions may be reduced to two: That of the authenticity of the notes presented by Antonio Expósito as the basis of the action he deduced in his complaint, upon which point the judge of the District Court of Mayagüez expressed the gravest doubts in his opinion, although without arriving at the conclusion that they were really apocryphal; and that of the efficiency such notes may have, even in the event of their genuineness being established to the prejudice of the rights acquired by Adolfo Robert, under the protection of the records in the registry of property.

With respect to the first question (although the matters of record do not warrant a positive declaration to the effect that those notes are the ones executed by Domingo Rivera y Valentín to the order of Schulze & Co. at the time of the execution of the deed of December 28, 1896, constituting the mortgage credit in question, because the notary did not take the precaution of inserting them in full in the body of the deed, as is the custom in such cases in order to establish the identity of the notes at all times, nor did he certify to their delivery, nor can it be explained how, the deed stating that Rivera executed two notes in favor of Schulze & Co., they afterwards became

two notes to the order of said gentlemen, which are two entirely different things) it is true that the plaintiff, Antonio Expósito, having attached the original notes to the complaint, and a copy thereof having been given to the defendant, Adolfo Robert, the latter not only did not question the genuineness of said documents but appears to accept them impliedly as genuine, in alleging in the sixth statement of his answer that Laurnaga & Co., as the assignee of Schulze & Co., had endorsed in favor of the plaintiff the notes executed by Rivera, by which it appears that the genuineness of those notes is impliedly acknowledged as the same which were executed by Rivera in favor of Schulze & Co. at the time of the execution of the mortgage deed in question.

Consequently, if the authenticity of these notes was not questioned by the party against whom they were presented, this court cannot but consider them to be genuine in accordance with the provisions of section 119 of the Code of Civil Procedure, which provides that when an action is brought upon a written instrument and the complaint contains a copy of such instrument, or a copy is annexed thereto, as occurs in this case in which the original notes have been filed with the complaint, the genuineness and the execution of such instruments are deemed to be admitted, unless the answer denying the same be sworn to, which has not been done in this case.

Accepting therefore the genuineness of these notes, let us pass to the second question. Can these notes payable to order prejudice the rights acquired by Adolfo Robert under the protection of the records in the registry of property? We believe not.

In the deed constituting the mortgage credit under consideration, executed in Mayagüez before Notary Mariano Riera Palmer on December 28, 1906, Domingo Rivera y Valentín declared that he was indebted to Schulze & Co. engaged in business in that city, in the sum of 5,000 *pesos,* which they had loaned him, and which he agreed to repay in two installments of 2,500 *pesos* each; the first one payable in November,

1897, and the second in January, 1898; and it was stated immediately after the third clause of the deed "that for the said sums the debtor, Domingo Rivera, executes two notes in favor of Schulze & Co.;" the fourth clause providing that as security for the said sums and 1,000 *pesos* more for costs and expenses in the event of judicial proceedings, he constituted a voluntary mortgage in favor of Schulze & Co. upon two rural estates belonging to him described in the deed, both of them situated in the *barrio* of La Purísima Concepción, in the municipal district of Las Marías.

This deed was recorded in the Registry of Property of Mayagüez, the record specially stating that for the said sums—that is to say, the two installments of 2,500 *pesos* each, in which the payment of the principal debt was to be made—the debtor, Domingo Rivera, executes two notes in favor of Schulze & Co.

So that both in the body of the deed executed by Rivera in favor of Schulze & Co. and in its record in the registry of property, what was shown was that Domingo Rivera y Valentín executed, for the amount of the installments of 2,500 *pesos* each in which the debt was to be paid, two notes "in favor" of Schulze & Co., not "to the order of Schulze & Co.," which are two entirely different things from a legal standpoint and producing different and even opposite results; and if subsequently, under the security offered him by the register, Adolfo Robert negotiated with Schulze & Co. the loan of the $2,000 which he made them under the guarantee of the submortgage which they executed to him by deed of August 24, 1901, of the mortgage credit constituted in their favor by Domingo Rivera; if, subsequently, it should appear that the notes issued by Rivera were not notes in favor of Schulze & Co., as stated in the record of the deed in the registry of property, but to the order of Schulze & Co., who later endorsed them to the order of Laurnaga & Co., and they in their turn to Antonio Expósito, who presents them as the owners of the mortgage

credit to which said notes refer, seeking to invalidate there-
with the submortgage executed by Schulze & Co. to Adolfo
Robert, as well as the other measures adopted by the latter to
enforce its payment, such notes cannot produce any effect to
the prejudice of the rights acquired by Adolfo Robert under
the guarantee of the records in the registry and from the
person who, according to said registry, had the right to con-
vey them, in accordance with the provisions of article 34 of
the Mortgage Law, according to which "the instruments or
contracts executed or covenanted by a person who, according
to the registry, has a right thereto, shall not be invalidated
with regard to third persons, after they have once been re-
corded, although later the right of the person executing them
is annulled or determined by virtue of a prior deed not re-
corded, or for reasons which do not clearly appear from the
registry."

From this it is clearly to be inferred that the submortgage
having been executed in favor of Robert by Schulze & Co.,
who appeared according to the registry to have the right so
to do as the owners, which they were, of the mortgage credit
constituted in their favor by Domingo Rivera y Valentín by
the deed of December 28, 1896, recorded in the registry of
property, said submortgage, also recorded in the registry,
cannot be invalidated as sought by the plaintiff, Antonio Ex-
pósito, by virtue of certain notes to order which have not
been recorded in the registry of property, for causes which
do not clearly appear in the registry, because we have already
seen from the deed of Rivera in favor of Schulze & Co. and
from the record thereof in the registry, that it does not
appear that the notes executed by the former in favor of the
latter are payable to order or transferable by endorsement,
but in favor of Schulze & Co., who could not endorse them but
could only convey or assign them by public instrument, sub-
ject to record in the registry of property, the assignors al-
ways remaining liable for the encumbrances on the credit the
subject of the assignment.

The general principle prevailing in article 34 of the Mortgage Law, which is stated with greater clearness in its second paragraph, is that only by virtue of a recorded instrument can another subsequent instrument also recorded be invalidated to the prejudice of a third person; and this being the case, it would be necessary in order for the notes of Expósito to invalidate the submortgage granted Robert, that such notes should have their origin in some instrument previously recorded in the registry of property; and as this requisite does not appear to have been complied with in this case, because the mortgage deed of Rivera in favor of Schulze & Co., from which it is sought to derive them, did not speak of notes in favor of Schulze & Co., which did not authorize them to transfer to a third person the mortgage credit to which they referred by the delivery of the endorsed notes; hence these notes cannot serve as a basis for invalidating the submortgage granted Robert, and the latter has acted within his perfect rights in endeavoring to enforce payment thereof by foreclosure when his credit against Schulze & Co. fell due, under the summary proceedings provided for in the Mortgage Law, which was still in full force, and in praying for and obtaining, as he did from the District Court of Mayagüez the award of the mortgage the subject of the submortgage by reason of the fact that no bidders appeared at the sales, and in obtaining the record thereof in the registry of property in his favor, as was done, and then instituting for its recovery similar summary proceedings against the debtor, Rivera y Valentín, which were stayed by reason of the action brought by Antonio Expósito.

If the interests of the latter suffer any, it is his own fault for having accepted the endorsement of the notes without having previously taken the precaution of consulting the antecedents in the registry, in which he could have seen that the mortgage deed from which it was sought to derive said documents and its record in the registry of property did not speak of notes payable to order, but of notes in favor of Schulze &

Co., which were not transferable by endorsement, and, consequently, that these notes issued in contravention of the provisions of the deed could not transfer to him the ownership of the credit upon the basis of article 153 of the Mortgage Law, to the prejudice of a third person, such as Mr. Robert, who, under the guarantee of the records in·the registry, had accepted a submortgage on the same credit, and recorded his right in the registry of property.

These conclusions are the result of an examination of the complaint and answer, and of the documents attached thereto. If any other document or element of proof to the contrary had been presented in the lower court, it would be impossible to consider it, because the appellant has failed to present a bill of exceptions or a statement of facts summarizing all the proceedings and evidence introduced in the lower court.

In view of all these considerations, the undersigned is of the opinion that the judgment appealed from should be affirmed, with the costs against the appellant.

*Affirmed.*

Justices Hernández, Figueras and Wolf concurred.

Mr. Justice MacLeary did not sit at the hearing of this case.